Andrew J. Ogilvie (SBN 57932)
Kemnitzer, Anderson, Barron, Ogilvie & Brewer, LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Ph: (415) 861-2265
Fax: (415) 861-3151
ajogil@kabolaw.com

Attorneys for Plaintiff Emelia M. Pasternak

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELIA M PASTERNAK,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, and CAPITAL ONE BANK, a national association,<br><br>Defendants. | Case No. CV 08 2972<br><br>COMPLAINT<br><br>(Fair Credit Reporting Act)<br><br>DEMAND FOR JURY TRIAL |

1. The court has jurisdiction under 15 USC § 1681p.

2. Plaintiff Emelia M. Pasternak ("plaintiff") is a consumer as defined by the Fair Credit Reporting Act, 15 USC § 1681a(c).

3. Defendant Trans Union LLC ("Trans Union") is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a(f).

Complaint                                                                                              1

4. Defendant Experian Information Solutions, Inc. ("Experian") is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a(f).

5. Defendant Equifax Information Services LLC ("Equifax") is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a(f).

6. Defendant Capital One Bank ("Capital One") is a national banking association.

7. In July 2003, a person pretending to be plaintiff submitted a credit application to Capital One using an invalid address that had previously belonged to plaintiff on Gayley Avenue in Los Angeles, California. Capital One requested and obtained plaintiff's credit reports and opened an account in response to the application. No later than September 29, 2003, Capital One learned that the application was fraudulent and had not been submitted by plaintiff.

8. In late September or early October 2004, Capital One received another application for credit by a person pretending to be plaintiff which again used the invalid address on Gayley Avenue in Los Angeles, California, which had been used on the July 2003 application that Capital One had determined was fraudulent. Capital One requested credit reports on plaintiff from Experian, Equifax and Trans Union and received plaintiff's credit reports from those agencies. Capital One then opened an account in response to the credit application. Charges were made on the account that were not paid and eventually the unpaid balance was charged off. The fraudulent account information, including the charge off, was reported on plaintiff's credit reports by Experian, Equifax and Trans Union.

9. Plaintiff did not discover that the application submitted to Capital One in 2004 had the same invalid address as the application submitted to Capital One in 2003 until after she obtained the 2003 application in May 2008.

10. During the past two years, Equifax prepared consumer credit reports concerning plaintiff that include inaccurate information. Plaintiff notified Equifax that she

1 disputed the accuracy of the information it was reporting. Plaintiff notified Equifax that she was a victim of identity theft. Plaintiff sent an identity theft report to Equifax. Equifax continued to report inaccurate information on plaintiff after receiving her disputes, notice she was a victim of identity theft, and her identity theft report.

11. During the past two years, Experian prepared consumer credit reports concerning plaintiff that include inaccurate information. Plaintiff notified Experian that she disputed the accuracy of the information it was reporting. Plaintiff notified Experian that she was a victim of identity theft. Plaintiff sent an identity theft report to Experian. Experian continued to report inaccurate information on plaintiff after receiving her disputes, notice she was a victim of identity theft, and her identity theft report.

12. During the past two years, Trans Union prepared consumer credit reports concerning plaintiff that include inaccurate information. Plaintiff notified Trans Union that she disputed the accuracy of the information it was reporting. Plaintiff notified Trans Union that she was a victim of identity theft. Plaintiff sent an identity theft report to Trans Union. Trans Union continued to report inaccurate information on plaintiff after receiving her disputes, notice she was a victim of identity theft, and her identity theft report.

13. In August 2007, Equifax deleted the 2004 Capital One account after receiving plaintiff's dispute and a police report identifying the account as fraudulent. Equifax did not subsequently report plaintiff as having any accounts with Capital One.

14. In March 2008, Capital One contacted Equifax and requested a consumer report on plaintiff for purposes of an account review. In response to the request, Equifax provided Capital One with a consumer report on plaintiff.

15. In December 2006, plaintiff requested her credit report from Equifax. Equifax received plaintiff's request but did not provide plaintiff with a credit report. On other occasions since January 2007 Equifax provided plaintiff with a credit report that did not include all of the information in her file and did not include identification of all persons who received a consumer report, or made an inquiry, regarding plaintiff.

*Pasternak v. Trans Union LLC, et al.*, ND Cal., case no.
Complaint                                                                                                               3

16. In December 2006, plaintiff requested her credit report from Trans Union. Trans Union received plaintiff's request but did not provide plaintiff with a credit report.

17. On June 8, 2007, Equifax sent plaintiff a letter stating it had added an extended fraud alert to her credit file and that it had removed her name from promotional offers of credit for five years. Equifax provided plaintiff with her credit report dated August 10, 2007 which indicated that her name and address had been given to USAA FSB CC on June 10, 2007 for promotional offers.

## FIRST CLAIM FOR RELIEF

(Against Equifax)

(Negligent Noncompliance with the FCRA)

18. Plaintiff incorporates by reference paragraphs 1 through 17.

19. Equifax negligently failed to comply with the requirements of the FCRA including but not limited to:

    a. Failing to follow reasonable procedures to limit the furnishing of consumer reports to the purposes listed under section 1681b of the FCRA, as required by 15 USC § 1681e(a);

    b. Failing to comply with the requirements of 15 USC § 1681b;

    c. Failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 USC § 1681e(b);

    d. Failing to comply with the requirements of 15 USC § 1681g; and

20. As a result of defendant's failure to comply with the requirements of the FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with her normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry and related health problems, for which plaintiff seeks damages in an amount to be determined by the jury.

*Pasternak v. Trans Union LLC, et al.*, ND Cal., case no.
Complaint     4

21. Plaintiff requests attorney fees pursuant to 15 USC § 1681o(a).

## SECOND CLAIM FOR RELIEF

(Against Equifax)

(Willful Noncompliance with the FCRA)

22. Plaintiff incorporates by reference paragraphs 1 through 17.

23. Equifax willfully failed to comply with the requirements of the FCRA including but not limited to:

    a. Failing to follow reasonable procedures to limit the furnishing of consumer reports to the purposes listed under section 1681b of the FCRA, as required by 15 USC § 1681e(a);

    b. Failing to comply with the requirements of 15 USC § 1681b;

    c. Failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 USC § 1681e(b);

    d. Failing to comply with the requirements of 15 USC § 1681g; and

24. As a result of defendant's failure to comply with the requirements of the FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with her normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry and related health problems, for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

25. Plaintiff requests attorney fees pursuant to 15 USC § 1681n(a).

## THIRD CLAIM FOR RELIEF

(Against Trans Union)

(Negligent Noncompliance with the FCRA)

26. Plaintiff incorporates by reference paragraphs 1 through 17.

*Pasternak v. Trans Union LLC, et al.*, ND Cal., case no.
Complaint

5

27. Trans Union negligently failed to comply with the requirements of the FCRA including but not limited to:

    a. Failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 USC § 1681e(b);

    b. Failing to comply with the requirements of 15 USC § 1681c-2; and

    c. Failing to comply with the requirements of 15 USC § 1681g.

28. As a result of defendant's failure to comply with the requirements of the FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with her normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry and related health problems, for which plaintiff seeks damages in an amount to be determined by the jury.

29. Plaintiff requests attorney fees pursuant to 15 USC § 1681o(a).

### FOURTH CLAIM FOR RELIEF

(Against Trans Union)

(Willful Noncompliance with the FCRA)

30. Plaintiff incorporates by reference paragraphs 1 through 17.

31. Trans Union willfully failed to comply with the requirements of the FCRA including but not limited to:

    a. Failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 USC § 1681e(b);

    b. Failing to comply with the requirements of 15 USC § 1681c-2; and

    c. Failing to comply with the requirements of 15 USC § 1681g.

32. As a result of defendant's failure to comply with the requirements of the FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic

*Pasternak v. Trans Union LLC, et al.*, ND Cal., case no.
Complaint
6

loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with her normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry and related health problems, for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

33. Plaintiff requests attorney fees pursuant to 15 USC § 1681n(a).

### FIFTH CLAIM FOR RELIEF

(Against Experian)

(Negligent Noncompliance with the FCRA)

34. Plaintiff incorporates by reference paragraphs 1 through 17.

35. Experian negligently failed to comply with the requirements of the FCRA including but not limited to:

    a. Failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 USC § 1681e(b); and

    b. Failing to comply with the requirements of 15 USC § 1681g.

36. As a result of defendant's failure to comply with the requirements of the FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with her normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry and related health problems, for which plaintiff seeks damages in an amount to be determined by the jury.

37. Plaintiff requests attorney fees pursuant to 15 USC § 1681o(a).

### SIXTH CLAIM FOR RELIEF

(Against Experian)

(Willful Noncompliance of the FCRA)

38. Plaintiff incorporates by reference paragraphs 1 through 17.

39. Experian willfully failed to comply with the requirements of the FCRA including but not limited to:

    a. Failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff, as required by 15 USC § 1681e(b); and

    b. Failing to comply with the requirements of 15 USC § 1681g.

40. As a result of defendant's failure to comply with the requirements of the FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with her normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry and related health problems, for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

41. Plaintiff requests attorney fees pursuant to 15 USC § 1681n(a).

## SEVENTH CLAIM FOR RELIEF

(Against Capital One)

(Negligent Noncompliance with the FCRA)

42. Plaintiff incorporates by reference paragraphs 1 through 17.

43. Capital One negligently failed to comply with the requirements of the FCRA including but not limited to:

    a. Failing to comply with the requirements of 15 USC § 1681b; and

    b. Obtaining information from a consumer reporting agency under false pretenses, in violation of 15 USC § 1681q.

44. As a result of defendant's failure to comply with the requirements of the FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with her normal and usual activities, emotional distress, anger, frustration,

1  humiliation, anxiety, fear, worry and related health problems, for which plaintiff seeks damages in an amount to be determined by the jury.

45. Plaintiff requests attorney fees pursuant to 15 USC § 1681o(a).

### EIGHTH CLAIM FOR RELIEF

(Against Capital One)

(Willful Noncompliance with the FCRA)

46. Plaintiff incorporates by reference paragraphs 1 through 17.

47. Capital One willfully failed to comply with the requirements of the FCRA including but not limited to:

   a. Failing to comply with the requirements of 15 USC § 1681b; and

   b. Obtaining information from a consumer reporting agency under false pretenses, in violation of 15 USC § 1681q.

48. As a result of defendant's failure to comply with the requirements of the FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with her normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry and related health problems, for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

49. Plaintiff requests attorney fees pursuant to 15 USC § 1681n(a).

### PRAYER

WHEREFORE, plaintiff prays for judgment against each defendant as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Second Claim for Relief:

1. Actual damages to be determined by the jury;

1  2.  Punitive damages to be determined by the jury; and

2  3.  Attorney fees.

3  On the Third Claim for Relief:

4  1.  Actual damages to be determined by the jury; and

5  2.  Attorney fees.

6  On the Fourth Claim for Relief:

7  1.  Actual damages to be determined by the jury;

8  2.  Punitive damages to be determined by the jury; and

9  3.  Attorney fees.

10  On the Fifth Claim for Relief:

11  1.  Actual damages to be determined by the jury; and

12  2.  Attorney fees.

13  On the Sixth Claim for Relief:

14  1.  Actual damages to be determined by the jury;

15  2.  Punitive damages to be determined by the jury; and

16  3.  Attorney fees.

17  On the Seventh Claim for Relief:

18  1.  Actual damages to be determined by the jury; and

19  2.  Attorney fees.

20  On the Eighth Claim for Relief:

21  1.  Actual damages to be determined by the jury;

22  2.  Punitive damages to be determined by the jury; and

23  3.  Attorney fees.

24  On all Claims for Relief:

25  1.  Costs and expenses incurred in the action.

26  Dated: June 16, 2008.

27

28  *Pasternak v. Trans Union LLC, et al.*, ND Cal., case no.
    Complaint

10

KEMNITZER, ANDERSON, BARRON,
OGILVIE & BREWER LLP

By _____
Andrew J. Ogilvie
Attorney for Plaintiff Emelia M. Pasternak

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues.

Dated: June 16, 2008.

KEMNITZER, ANDERSON, BARRON,
OGILVIE & BREWER LLP

By _____
Andrew J. Ogilvie
Attorney for Plaintiff Emelia M. Pasternak

*Pasternak v. Trans Union LLC, et al.*, ND Cal., case no.
Complaint

11