**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE 714-668-2447
FACSIMILE 714-668-2490

Donald E. Bradley (State Bar No. 145037)
d.bradley@mpglaw.com

Attorneys for Defendant TRANS UNION LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELIA M. PASTERNAK, <br><br> Plaintiff, <br><br> vs. <br><br> TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, and CAPITAL ONE BANK, a national association, <br><br> Defendants. | Case No. 4:08-cv-02972-CW <br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S COMPLAINT** |

Defendant Trans Union LLC ("Trans Union") hereby answers the averments contained in the Complaint of Emelia M. Pasternak ("Plaintiff"). Trans Union's answers to Plaintiff's averments are intended to apply to Trans Union's actions and do not speak to the actions of other entities or persons.

## JURISDICTION AND VENUE

1. Answering paragraph 1, Trans Union admits that this Court has jurisdiction as Plaintiff purportedly brings this action under the Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. §§1681 *et seq*. Trans Union, however, denies any implication that it is liable to Plaintiff or that Plaintiff's Complaint states a cause of action against Trans Union.

# DESCRIPTION OF THE CASE

2. Answering paragraph 2, Trans Union admits the allegations of this paragraph.

3. Answering paragraph 3, Trans Union admits the allegations of this paragraph.

4. Answering paragraph 4, Trans Union admits the averments of this paragraph.

5. Answering paragraph 5, Trans Union admits the averments of this paragraph.

6. Answering paragraph 6, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

7. Answering paragraph 7, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

8. Answering paragraph 8, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

9. Answering paragraph 9, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

10. Answering paragraph 10, this paragraph contains no allegations against Trans Union, so no answer is required.

11. Answering paragraph 11, this paragraph contains no allegations against Trans Union, so no answer is required.

12. Answering paragraph 12, Trans Union denies the first sentence of the paragraph. Trans Union admits the second, third, and fourth sentences of the paragraph, though it is not clear what time is being referenced in those allegations.

Trans Union denies the fifth sentence of the paragraph. Except as expressly admitted, Trans Union lacks sufficient information or belief to admit or deny the remaining averments of this paragraph, and on that basis denies them.

13. Answering paragraph 13, this paragraph contains no allegations against Trans Union, so no answer is required.

14. Answering paragraph 14, this paragraph contains no allegations against Trans Union, so no answer is required.

15. Answering paragraph 15, this paragraph contains no allegations against Trans Union, so no answer is required.

16. Answering paragraph 16, Trans Union denies the allegations of this paragraph.

17. Answering paragraph 17, this paragraph contains no allegations against Trans Union, so no answer is required.

18. Answering paragraph 18, Trans Union incorporates by reference its answers to paragraphs 1 through 17 above as though fully set forth herein.

19. Answering paragraphs 19-25, these paragraphs contain no allegations against Trans Union, so no answer is required.

20. Answering paragraph 26, Trans Union incorporates by reference its answers to paragraphs 1 through 25 above as though fully set forth herein.

21. Answering paragraph 27, Trans Union denies the allegations of this paragraph.

22. Answering paragraph 28, Trans Union denies the averments of this paragraph.

23. Answering paragraph 29, Trans Union admits that Plaintiff requests attorney fees but denies any implication that it is liable for those fees.

24. Answering paragraph 30, Trans Union incorporates by reference its answers to paragraphs 1 through 29 above as though fully set forth herein.

25. Answering paragraph 31, Trans Union denies the allegations of

this paragraph.

26. Answering paragraph 32, Trans Union denies the averments of this paragraph.

27. Answering paragraph 33, Trans Union admits that Plaintiff requests attorney fees but denies any implication that it is liable for those fees.

28. Answering paragraphs 34-49, these paragraphs contain no allegations against Trans Union, so no answer is required.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

29. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

### SECOND DEFENSE

30. On information and belief, Trans Union alleges that any purported damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of third parties over whom Trans Union has neither control nor responsibility.

### THIRD DEFENSE

31. Some or all of Plaintiff's claims against Trans Union are barred by applicable statutes of limitations, including, but not limited to, 15 U.S.C. §1681p.

### FOURTH DEFENSE

32. Trans Union has complied with the provisions of the FCRA, 15 U.S.C. §§1681a-x, in its handling of Plaintiff's credit files, and is entitled to each and every defense afforded to it by that Act.

### FIFTH DEFENSE

33. Plaintiff, though under a duty to do so, has failed and neglected to reasonably mitigate her alleged damages and, therefore, cannot recover against Trans Union, whether as alleged, or otherwise.

## SIXTH DEFENSE

34. Without admitting that it has the burden of proof on the issue, Trans Union alleges that at all times relevant to the Complaint, it followed reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's Trans Union credit reports.

## SEVENTH DEFENSE

35. At all times relevant to the Complaint, Trans Union conducted proper reinvestigation procedures concerning Plaintiff in preparing consumer reports related to Plaintiff.

## EIGHTH DEFENSE

36. Any credit report or other information released by Trans Union to a third party concerning Plaintiff was done with Plaintiff's explicit or implicit consent.

## NINTH DEFENSE

37. Trans Union is informed and believes, and thereon alleges, that any purported damages sustained by Plaintiff, were, in whole or in part, caused by her own actions and resulted from Plaintiff's own negligence, equal to or exceeding any alleged wrongdoing by Trans Union.

## TENTH DEFENSE

38. Trans Union is informed and believes, and thereon alleges, that Plaintiff's Complaint is barred by the doctrine of Unclean Hands.

## ELEVENTH DEFENSE

39. Trans Union is informed and believes, and thereon alleges, that some or all of Plaintiff's claims are barred by res judicata.

## TWELFTH DEFENSE

40. Trans Union is informed and believes, and thereon alleges, that some or all of Plaintiff's claims are barred by collateral estoppel.

## THIRTEENTH DEFENSE

41. Trans Union reserves the right to assert additional defenses that it may learn of through the course of discovery.

## **PRAYER**

WHEREFORE, Defendant Trans Union LLC prays as follows:

1. That Plaintiff take nothing by reason of her Complaint;
2. That the Complaint be dismissed in its entirety as to Trans Union;
3. That Trans Union be awarded its costs of suit and reasonable attorneys' fees incurred herein; and
4. For such other and further relief as this Court may deem just and proper.

DATED: August 14, 2008          MUSICK, PEELER & GARRETT LLP


By: /s/_____
Donald E. Bradley
Attorneys for Defendant TRANS UNION LLC

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA
COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

On August 14, 2008, I served the foregoing document(s) described as **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

**See Attached List**

☐ **BY PERSONAL DELIVERY.** I delivered such envelope by hand to the offices of the addressee.

☐ **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Costa Mesa, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FEDERAL EXPRESS.** I caused such envelope to the deposited at the Federal Express office at Costa Mesa, California for guaranteed one/two day delivery with delivery charges prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for delivery by Federal Express delivery service. Under that practice, it would be deposited with the delivery service on that same day with delivery charges thereon fully prepaid at Costa Mesa, California in the ordinary course of business for delivery to the addressee.

☒ **BY ECF.** I caused such documents to be e-filed with the Court which were then served via the ECF filing system.

☐ **BY EMAIL.** I emailed such documents to the addressees at their email addresses on the attached list.

Executed on August 14, 2008, at Costa Mesa, California.

☒ **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Joan Marie Donoghue

601093.1

7

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S COMPLAINT**

| | |
|---|---|
| | **SERVICE LIST** |

| | |
|---|---|
| Robert S. Sola<br>Robert S. Sola, P.C.<br>8835 SW Canyon Lane, Suite 130<br>Portland, OR 97225<br>(503) 295-6880<br>Fax: (503) 291-9172<br>rssola@msn.com | Thomas P. Quinn<br>Nokes & Quinn<br>450 Ocean Ave.<br>Laguna Beach, CA 92651<br>Phone: (949) 376-3055<br>Fax: (949) 376-3070<br>yhoman@nokesquinn.com |
| Andrew J. Ogilvie<br>Kemnitzer Anderson Barron Ogilvie &<br>Brewer LLP<br>445 Bush Street, 6th Floor<br>San Francisco, CA 94108<br>Phone: (415) 861-2265<br>Fax: (415) 861-3151<br>ajogil@kaboblaw.com | Veronica Kuiumdjian<br>Felicia Yangru Yu<br>Reed Smith LLP<br>355 S. Grand Ave., Ste. 2900<br>Los Angeles, CA 90071<br>Phone: (213) 457-8052<br>Fax: (213) 457-8080<br>vkuiumdjian@reedsmith.com<br>fyu@reedsmith.com |
| David L. Wallach<br>Jones Day<br>555 California St., 26th Flr.<br>San Francisco, CA 94104<br>Phone: (415) 875-5827<br>Fax: (415) 875-5700<br>dwallach@jonesday.com | Roger S. Raphael<br>Lewis Brisbois Bisgaard & Smith<br>One Sansome St., Ste. 1400<br>San Francisco, CA 94104<br>Phone: (415) 362-2580<br>Raphael@lbbslaw.com |
| Lucinda W. Andrew<br>Jones Day<br>2727 N. Harwood St.<br>Dallas, TX 75201<br>Phone: (214) 220-3939<br>Fax: (214) 969-5100<br>candrew@jonesday.com | Stephen H. Turner<br>Brian Slome<br>Lewis Brisbois Bisgaard & Smith<br>221 N. Figueroa St., Ste. 1200<br>Los Angeles, CA 90012<br>Phone: (213) 250-1800<br>Fax: (213) 250-7900<br>turner@lbbslaw.com<br>bslome@lbbslaw.com |
| | Cara Lee Hergenroether<br>King & Spalding LLP<br>1180 Peachtree Street, NE<br>Atlanta, Georgia 30309-3521<br>chergenroether@kslaw.com |

601093.1                                   8
**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S COMPLAINT**