Abraham J. Colman (SBN 146933)
Felicia Y. Yu (SBN 193316)
Veronica Kuiumdjian (SBN 244825)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  213.457.8000
Facsimile:   213.457.8080

Attorneys for Defendant
Capital One Bank (USA), N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMELIA M. PASTERNAK,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and CAPITAL ONE BANK, a national association,<br><br>　　　　Defendants. | No.: CV 08-02972 CW<br><br>**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:　　　　September 25, 2008<br>Time:　　　　2:00 p.m.<br>Courtroom:　2<br><br>Honorable Claudia Wilken |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 25, 2008 at 2:00 p.m. in Courtroom 2 of the above-entitled court, located at 450 Golden Gate Ave., San Francisco, CA 94102, Defendant Capital One Bank (USA) N.A. ("Capital One") will and hereby does move the Court to dismiss Plaintiff's Complaint as it pertains to Capital One.

Capital One moves to dismiss on the grounds that the Complaint fails to state facts constituting a claim for relief against Capital One as required by Federal Rule of Civil Procedure 12(b)(6).

This motion will be based on Federal Rules of Civil Procedure 12(b)(6), the attached Memorandum of Points and Authorities, and such other papers as may be on file in this action, and any evidence or arguments raised during the hearing on the Motion.

DATED: August 19, 2008.

                                              REED SMITH LLP

                                              By   /s/ Veronica Kuiumdjian
                                                  Abraham J. Colman
                                                  Felicia Y. Yu
                                                  Veronica Kuiumdjian
                                                  Attorneys for Defendant
                                                  Capital One Bank (USA), N.A.

# I. MEMORANDUM OF POINTS AND AUTHORITIES

## A. INTRODUCTION

On June 16, 2008, Plaintiff Emelia Pasternak filed the instant action against Defendants Capital One, TransUnion, Experian and Equifax after they refused to stipulate to the filing of a proposed second amended complaint in a separate case pending before this Court since September 26, 2007 (Civil Case Number 07-04980)(hereinafter the "2007 Action"). Defendants refused Plaintiff's *second* request to amend her complaint in the 2007 Action because the case had been pending for nine months, extensive discovery had been exchanged, Plaintiff had already been deposed, and a court ordered mediation had been completed.

Yet, rather than seek leave from the Court to file her proposed second amended complaint or to modify the case scheduling deadlines set in the 2007 Action, Plaintiff simply filed this case (hereinafter the "2008 Action"). Notably, the 2008 Action involves the same parties and the same operative facts as the 2007 Action. The 2008 Action also involves claims that clearly should have, and could have, been brought in the 2007 Action.

Thus, the instant Complaint is an improper attempt to split claims. It is also an obvious attempt to circumvent the Court's Case Management Order in the 2007 Action. Plaintiff can offer no justification for her delay or her disregard for the Court's deadlines. Accordingly, Capital One hereby moves, pursuant to Rule 12(b)(6), to dismiss Plaintiff's Complaint with prejudice.

## B. FACTUAL AND PROCEDURAL BACKGROUND

On September 26, 2007 Plaintiff initiated the 2007 Action by filing a Complaint alleging violations of 15 U.S.C. section 1681s-2(b) against Capital One and violations of 15 U.S.C section 1681b against the various credit bureau defendants. The gravamen of the Section 1681s-2(b) claim was that Capital One allegedly failed to investigate her claims of identity theft, while the gravamen of the Section 1681b claims were that the credit bureaus allegedly permitted persons to pull Plaintiff's credit report without a permissible purpose. On or about December 5, 2007, Plaintiff asked for leave to amend the original Complaint, which defendants did ***not*** oppose. In her First Amended Complaint in the 2007 Action, Plaintiff added new claims under California's identity theft statute, codified at Civil Code section 1798.92, and a malicious prosecution claim against Capital One.

Thereafter, the parties engaged in extensive written discovery, where Plaintiff explained the factual basis of her claims and the damages she suffered. On May 1, 2008, Plaintiff was deposed. On May 7, 2008, a court ordered mediation was conducted and the parties discussed in good faith their impressions of the case. From the discovery and mediation, Plaintiff apparently discovered that she had no basis for a Section 1681s-2(b) claim against Capital One. Accordingly, on May 30, 2008, Plaintiff presented a proposed second amended complaint, in which she abandoned the Section 1681s-2(b) "failure to investigate" claim against Capital One and she sought to add a Section 1681b "impermissible pull" claim against Capital One. Plaintiff also proposed to assert new claims against the credit bureau defendants.

Defendants refused to stipulate to the filing of the proposed ***second*** amended complaint because a substantial amount of discovery had already been completed and the parties had completed mediation. According to this Court's Case Management

Order in the 2007 Action, the deadline to add additional parties or claims was June 16, 2008. Rather than seek the Court's permission to add the proposed new causes of action nine months into the litigation and to modify the case scheduling deadlines, Plaintiff circumvented the entire process and filed a second separate lawsuit on June 16, 2008—the 2008 Action before the Court today. Plaintiff then sought to relate the two cases.[1]

Not surprisingly, the Complaint in the 2008 Action alleges the same FCRA "impermissible pull" claim against Capital One that Plaintiff tried to add in the 2007 Action. The Complaint also deals with the same facts and occurrences as the 2007 Action, which has been pending before this Court since September 26, 2007.

## II.  LEGAL ARGUMENT

### A.  THE COMPLAINT SHOULD BE DISMISSED BECAUSE FILING OF THIS ACTION VIOLATES THE PROHIBITION AGAINST CLAIM SPLITTING.

The doctrine of claim splitting bars a party from subsequent litigation where the "same controversy" exists. *Single Chip Systems Corp. v. Intermec IP Corp*, 495 F. Supp. 2d 1052, 1058 (S.D. Cal. 2007). Thus, when a suit is pending in federal court, a plaintiff has no right to assert another action "on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank*, *N.A.*, 226 F. 3d 133, 138-39 (2d Cir. 2000). In a claim splitting case, the second suit will be barred if the claim involves the same parties or their privies and "arises out of the same transaction or series of transactions" as the first claim. *See Trustmark Insur. Co. v. ESLU, Inc.*, 299 F. 3d 1265, 1269-70 (11th Cir. 2002). The "main purpose behind the rule preventing claim splitting is to protect the defendant from being harassed by repetitive

---

[1] Capital One did not oppose relating the two cases before this Court, because they met the definition of "related cases," but Capital One does not concede the viability of the second lawsuit.

1 actions based on the same claim." *Id.; Clements v. Airport Authority of Washoe
2 County,* 69 F. 3d 321, 328 (9th Cir. 1995) (citation omitted).

4     To determine if the doctrine of claim splitting applies to bar a subsequent case,
5 the Ninth Circuit "borrow[s] from the test for claim preclusion." *Adams v. Cal. Dep't*
6 *of Health Servs.*, 487 F. 3d 684 (9th Cir. 2007). The doctrine of claim splitting, unlike
7 claim preclusion, however, does not require a final judgment on the merits in the prior
8 case. *Adams v. California Dep't of Health Services*, 487 F. 3d 684 (9th Cir. 2007);
9 *Biogenex Laboratories, Inc. v. Ventana Medical Systems, Inc.,* 2005 WL 1869342
10 (N.D. Cal. 2005). Instead, in the context of claim splitting, it is assumed that the first
11 suit was final, then it is determined whether the second suit could be precluded.
12 *Single Chip Systems Corp.*, 495 F. Supp. 2d at 1059. A motion to dismiss is the
13 proper motion to bring when a suit violates the prohibition against claim splitting. *Id.*
14 at 1057.

16     This case meets the applicable factors for claim splitting, and therefore the 2008
17 Action should be dismissed by the Court. The Ninth Circuit in *In re International*
18 *Nutronics, Inc.*, 28 F. 3d 965, 970 (9th Cir. 1994), set forth the factors for considering
19 "whether successive suits involve the same cause of action," including:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

24     Although not one single factor is determinative of whether a successive suit
25 would be barred under res judicata principles, whether the "same transactional nucleus
26 of facts" exists is the most important factor in the analysis. *Single Chip Systems*
27 *Corp.*, 495 F. Supp. 2d at 1061; *Costantini v. Trans World Airlines*, 681 F. 2d 1199,

1202 (9th Cir. 1982).  The Ninth Circuit uses a transaction test to determine whether two suits share the same transactional nucleus of operative facts.  *Int'l Union v. Karr*, 994 F. 2d 1426, 1429-30 (9th Cir. 1993); *Western Sys., Inc. v. Ulloa,* 958 F. 2d 864, 871 (9th Cir. 1992) ("Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together"); *Pueschel v. U.S.*, 369 F. 3d 345, 355 (4th Cir. 2004) (citations omitted) ("The determination of whether two suits arise out of the same cause of action, however, ***does not turn on whether the claims asserted are identical.*** Rather, it turns on whether the suits and the claims asserted therein 'arise out of the same transaction or series of transactions or the same core of operative facts.' Were we to focus on the claims asserted in each suit, we would allow parties to frustrate the goals of *res judicata* through artful pleading and claim splitting given that '[a] single cause of action can manifest itself into an outpouring of different claims, based variously on federal statutes, state statutes, and the common law'").

Here, Plaintiff admits in her Motion to Consider Whether Cases Should be Related that the 2007 and 2008 Actions concern substantially the same parties, property, transaction or event.  "The parties are identical: In both actions, Emelia M. Pasternak is the plaintiff and the defendants are Capital One Bank, Trans Union, Equifax and Experian.  The claims in both cases involve the theft of plaintiff's identity by an imposter who opened accounts in her name at Capital One Bank, Capital One Bank's continued efforts to collect the fraudulent account from Ms. Pasternak even after it knew that the account had been opened fraudulently and its subsequent lawsuit against her, and the violations of the Fair Credit Reporting Act by all defendants." *See* Plaintiff's Administrative Motion to Consider Whether Cases Should be Related, pg. 2, lines 1-15.

Moreover, the causes of action asserted involve the same facts regarding

- 5 -
DEFENDANT CAPITAL ONE BANK (USA) N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Capital One's handling of Plaintiff's credit. The accounts at issue in both actions are the same and the activity of Capital One in connection with those accounts arises from the same facts. The 2008 Action originates from the same set of facts as the 2007 Action and should have been brought in the previous action (after seeking leave of court). Both suits arise out of the same transactional nucleus of operative facts. *See, e.g. Single Chip Systems Corp v. Intermec IP Corp.*, 495 F. Supp. 2d 1052 (S.D. Cal. 2007) (granting motion to dismiss because direct and contributory patent infringement counterclaim in prior lawsuit and active inducement claim in subsequent claim could be tried together, and thus both suits arose out of the same transactional nucleus of operative facts for purposes of res judicata analysis); *Trustmark Insur. Co v. ESLU, Inc.*, 299 F. 3d 1265, 1269-70 (11th Cir. 2002) (stating that "where the second lawsuit alleges a breach of the same contract that was breached in the first, by the same party, in the same general manner, those actions constitute the factual predicate, and any claims relating to that contract should be brought in the same lawsuit."); *Smith v. Safeco Inc. Co.*, 863 F. 2d 403, 404 (5th Cir. 1989) ("All of Smith's claims against Sefeco sought coverage under a single insurance policy for injuries resulting from one accident. These claims arise out of a common nucleus of operative fact, and comprise a single transaction."). Here, the factual predicate of both the 2007 Action and the 2008 Action involve the same accounts, the same parties, and the same conduct relating to those accounts. Thus, the instant complaint arises out of the same transaction and operative facts underlying the claims in the 2007 Action, and could have been heard by the Court in the earlier case had Plaintiff sought timely leave from the Court to amend.

As discussed above, in addition to whether subsequent suits have in common the same cause transaction or occurrence, the Ninth Circuit also looks to three additional factors. In this instance, for both the 2007 Action and the 2008 Action, substantially the same evidence will be presented. Similarly, both suits involve the

DEFENDANT CAPITAL ONE BANK (USA) N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

same credit accounts, the same credit reports, and accordingly involve infringement of the same right. Moreover, the later prosecution of the 2008 suit will directly impinge on, and consequently impair, any rights or judgment that would be established in the 2007 suit on these claims. Any finding of violation by a jury, for example, could be eviscerated through the re-trial of the same accounts involving the same parties. Also, Plaintiff may be awarded double damages for violations based on the same facts or occurrences. *See Single Chip Systems Corp v. Intermec IP Corp*, 495 F. Supp. 2d 1052, 1065 (S.D. Cal. 2007). Accordingly, the Court should find that the 2007 Action and the 2008 Action share the same causes of action and the court should dismiss the 2008 action.

Plaintiff may argue that she only discovered the "impermissible pull" claim against Capital One around the time she proposed the second amended complaint to the defendants. First, such an assumption would be false because Plaintiff had alleged "impermissible pull" claims against the credit bureaus based on the same facts as early as September 26, 2007 and Plaintiff therefore had access to her credit reports at least by that time.[2] Moreover, the "impermissible pulls" Plaintiff alleges against Capital One were in connection with the collection of the accounts at in issue in the 2007 Action, and this collection activity forms the basis for the claims in the 2007 Action. Second, and more importantly, "[k]nowledge of a potential claim however is not a requirement for application of res judicata principles." *In re Varat Enters., Inc.*, 81 F. 3d 1310, 1316 (4th Cir. 1996); *see also Harnett v. Billman*, 800 F. 2d 1308, 1313 (4th Cir. 1986) ("For purposes of res judicata, it is not necessary to ask if the plaintiff knew of his present claim at the time of the former judgment, for it is the existence of the present claim, not party awareness of it, that controls.")

---

[2] Documents produced by credit bureaus reveal that Plaintiff had knowledge of credit pulls as early as 2005.

Here, the facts that give rise to the present lawsuit and to the 2007 Action are essentially the same: both involve the same accounts, both involve the same parties, and the same conduct by the parties. These facts are all part of the same transaction or occurrence. Plaintiff could have asserted an FCRA "impermissible pull" claim long before now, but chose not to. Moreover, allowing Plaintiff to pursue piecemeal claims "would frustrate the policies underlying the res judicata doctrine, put the parties to the cost and vexation of multiple lawsuit, deplete judicial resources, foster inconsistent decision, and diminish reliance on judicial decisions." *Myers v. Colgate-Palmolive Co.*, 102 f. Supp. 2d 1208, 1224 (D. Kan. 2000). Thus, the Court should find that the present claim is barred under the doctrine of claim splitting, and therefore, Plaintiff's Complaint should be dismissed.

### B.   PLAINTIFF'S COMPLAINT VIOLATES RULE 15 AND 16.

Plaintiff's suit is an impermissible end-run around this Court's Case Management Order the 2007 Action. Pursuant to Fed. R. Civ. P. 15(a), amendments after the filing of a responsive pleading are subject to the discretion of the Court, exercised to serve the interests of justice. Except for amendments made "of course" or pursuant to stipulation, leave of court is required to amend a pleading. FRCP 15(a)(2). An amended claim filed without leave of court results in dismissal. *See, e.g., Drexel Burnham Lambert, Inc. v. Marrone*, 1989 U.S. Dist. LEXIS 15414, at *2 (C.D. Cal. 1989) (dismissing the amended counterclaim because the amendment, which could not be made as of right, was served without obtaining the court's leave, and thus had no legal effect). Plaintiff did not seek leave of court in this instance.

Further, even if Plaintiff sought leave to amend the first amended complaint in the 2007 Action, she had to first seek to modify the scheduling order in place because any amendment of the pleadings would run against the case deadlines set by the Court. Where a scheduling order limits the time for amending pleadings, plaintiff

REED SMITH LLP

must first show good cause to modify the scheduling order. *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F. 3d 229, 243 (2d Cir. 2007). No amendment of pleadings is permitted after the deadline established in a pretrial scheduling order, unless plaintiff first obtains modification of the pretrial scheduling order to permit the amendment. In this instance, the liberal policy regarding amendment of pleadings no longer applies. To allow the amendment, the scheduling order must be modified and this requires leave of court and a showing of "good cause." *Colman v. Quaker Oats Co.*, 232 F. 3d 1271, 1294 (9th Cir. 2000). *Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 609 (9th Cir. 1992); *Hargett v. Valley Fed'l Sav. Bank,* 60 F. 3d 754, 761 (11th Cir. 1995); *S&W Enterprises, LLC v. South Trust Bank of Alabama*, NA, 315 F. 3d 533, 536 (5th Cir. 2003)

Nine months into the 2007 Action, Plaintiff asked the defendants to stipulate to allow Plaintiff to add new causes of action. *See* Plaintiff's Administrative Motion to Consider Whether Cases Should be Related, pg. 2, lines 22-25. All of the defendants refused because of the prejudice they would face having to deal with a new complaint so late in the course of the 2007 action. *Id.* Instead of asking the Court for leave to add more claims against Capital One and the other defendants, Plaintiff decided to file a completely separate action, involving the same set of facts, although the original action was still pending in this court. Plaintiff circumvented the Court's scheduling order and failed to follow Federal Rules 15 and 16 in her attempt to add the claim she has filed now as a separate action.

Courts have held that a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 610 (9th Cir. 1992). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier." *Id.* "As the

- 9 -
DEFENDANT CAPITAL ONE BANK (USA) N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

torrent of civil and criminal cases unleashed in recent years has threatened to inundate the federal courts, deliverance has been sought in the use of calendar management techniques.  Rule 16 is an important component of those techniques.  We will not snatch it away or destroy its effectiveness by requiring district courts to countenance" practices that seek to circumvent such orders.  *Id.* at 611.

### C. GOOD CAUSE DID NOT AND DOES NOT EXIST TO AMEND THE FIRST AMENDED COMPLAINT OR THE COURT'S SCHEDULING ORDER.

In considering a request for leave to amend under Rule 15(a), the court considers "the presence or absence of undue delay, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F. 2d 531, 538 (9th Cir. 1989).  Based on these considerations, Plaintiff had no valid grounds to seek leave to amend the first amended complaint and indeed did not attempt to seek leave.

Plaintiff's attempt to file a ***second*** amended complaint in the 2007 Action was predicated on undue delay.  Unexplained delay alone is a sufficient basis for denying leave to amend. *Minter v. Prime Equip. Co,.* 451 F. 3d 1196, 1206 (10th Cir. 2006); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F. 3d 946, 953 (9th Cir. 2006) (8-month unexplained delay).  Plaintiff waited nine months from the date of the original filing of the complaint to attempt to add another FCRA claim against Capital One.  Leave to amend has been denied where the moving party either knew or should have known when drafting the original pleading the facts on which the amendment is based but did not include them in the original pleading.  *Kaplan v. Rose*, 49 F. 3d 1363, 1370 (9th Cir. 1994); *Invest Almaz v. Temple-Inland Forest Products Corp.*, 243 F. 3d 57, 72 (1st Cir. 2001) (what plaintiff should have known and what he should

have done "are relevant to the question of whether justice requires leave to amend.").

Plaintiff has attempted to bring an improper credit pull claim under the FCRA. However, as early as October of 2005, Plaintiff had begun to request and review her credit reports and therefore, she was aware much earlier than June of 2008 of credit pulls that form the basis of the complaint here. In addition, in the original complaint filed on September 26, 2007, Plaintiff had alleged an FCRA credit pull claim against the credit bureaus, alleging that they failed to maintain reasonable procedures to limit the furnishing of a consumer credit report to persons who have a permissible purpose to view the consumer's credit report. *See* Complaint in 2007 Action, ¶ 2. Moreover, the "impermissible pulls" Plaintiff alleges against Capital One were in connection with the collection of the accounts at in issue in the 2007 Action, and this collection activity forms the basis for Plaintiff's claims against Capital One in the 2007 Action. Therefore, Plaintiff was apprised of impermissible pulls that would have formed the basis of the claim Plaintiff has brought against Capital One at this late date.

Another factor to consider is whether the moving party has previously amended his or her pleading. The court's discretion is broad when the court has already given a plaintiff one or more opportunities to amend his complaint. *Mir v. Fosburg*, 646 F. 2d 342, 347 (9th cir. 1980); *Sisseton – Wahpeton Sioux Tribe v. United States*, 90 F. 3d 351 (9th Cir. 1996); *Egerdahl v. Hibbing Comm. College*, 72 F. 3d 615, 620 (8th Cir. 1995); *Cureton v. National Collegiate Athletic Ass'n*, 252 F. 3d 267, 273 (3d Cir. 2001); *Price v. Pinnacle Brands, Inc.*, 138 F. 3d 602, 608 (5th Cir. 1998); *Moore v. Kayport Package Express, Inc.*, 885 F. 2d 531, 538 (9th Cir. 1989); *Foman v. Davis*, 371 US 178, 182 (1962). In December of 2007, the defendants stipulated to allow Plaintiff to file a first amended complaint. Although given this opportunity, Plaintiff waited six more months before asking defendants again to file another amended complaint on the eve of the cut-off deadline imposed by the Court's scheduling order.

*Coleman v. Quaker Oats Co.*, 232 F. 3d 1271, 1295 (9th Cir. 2000) (Plaintiff's "failed to show diligence" in amending complaint and thus the court found "the inquiry should end" and the district court did not abuse its discretion when it denied Plaintiff's motion to amend the complaint).  *See Acri v. International Ass'n of Machinist and Aerospace Workers*, 781 F. 2d 1393, 1398 (9th Cir. 1986) (stating that even under the liberal Rule 15 standard "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.");  *Jordan v. County of Los Angeles,* 669 F. 2d 1311, 1324 (9th Cir. 1982) (Leave to amend may also be denied when a party knew or should have known the facts upon which the proposed amendment is based and failed to include the additional causes of action in earlier pleadings.); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F. 3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.")  Therefore, no good cause existed to allow amendment of the complaint or modification of the scheduling order.

### III.  CONCLUSION

For the foregoing reasons, Capital One respectfully requests that the Court dismiss the complaint.

DATED: August 19, 2008.

REED SMITH LLP

By   /s/ Veronica Kuiumdjian
Abraham J. Colman
Felicia Y. Yu
Veronica Kuiumdjian
Attorneys for Defendant
Capital One Bank

DEFENDANT CAPITAL ONE BANK (USA) N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On August 19, 2008, I served the following document(s) by the method indicated below:

**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

☒  <u>On the recipients designated on the Transaction Receipt located on the CM/ECF website.</u>

☒  **<u>FEDERAL: I declare that I am a member of the bar of this court at whose direction the service was made.</u>**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 19, 2008 at Los Angeles, California.

/s/ Veronica Kuiumdjian
Veronica Kuiumdjian

REED SMITH LLP
A limited liability partnership formed in the State of Delaware