1    David L. Wallach (State Bar No. 233432)
     dwallach@jonesday.com
2    JONES DAY
     555 California Street
3    San Francisco, CA  94105
     Telephone:     (415) 626-3939
4    Facsimile:     (415) 875-5700

5    (Admitted *pro hac* in related case 07-4980)
     Cindy W. Andrew (TX State Bar No. 00796128)
6    candrew@jonesday.com
     JONES DAY
7    2727 North Harwood Street
     Dallas, TX  75201
8    Telephone:     (214) 220-3939
     Facsimile:     (214) 969-5100
9
     Attorneys for Defendant
10   EXPERIAN INFORMATION SOLUTIONS, INC.

11                    UNITED STATES DISTRICT COURT
12                    NORTHERN DISTRICT OF CALIFORNIA
13

14
     **EMELIA M. PASTERNAK,**                    | **Case No. 08-02972CW**
15
                    **Plaintiff,**               | **EXPERIAN INFORMATION
16                                                | SOLUTIONS, INC.'S ORIGINAL
              **v.**                             | ANSWER AND AFFIRMATIVE
17                                                | DEFENSES**
     **TRANS UNION, LLC, EXPERIAN**
18   **INFORMATION SOLUTIONS, INC.,**            | (Fair Credit Reporting Act)
     **EQUIFAX INFORMATION SERVICES**
19   **LLC, and CAPITAL ONE BANK, a**
     **national association,**
20
                    **Defendants.**
21

22
              Defendant Experian Information Solutions, Inc. ("Experian") files its Original Answer
23
     and Affirmative Defenses to Plaintiff's Original Complaint ("Complaint") filed by Emelia M.
24
     Pasternak as follows:
25
              1.      In response to the averments contained in paragraph 1 of the Complaint, Experian
26
     admits that this Court has subject matter jurisdiction over this matter.  Experian, however,
27
     expressly denies that it is liable to plaintiff or that plaintiff is in any way entitled to relief from
28

DLI-6205729v1

1   Experian.

2          2.      In response to the averments contained in paragraph 2 of the Complaint, Experian

3   admits that plaintiff's action is brought pursuant to the FCRA and that plaintiff is a "consumer" as

4   that term is defined by the FCRA.

5          3.      In response to the averments contained in paragraph 3 of the Complaint, Experian

6   states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of

7   the other averments that purport to apply to plaintiffs and/or other defendants and, on that basis,

8   denies those other averments.  Experian denies the remaining averments of paragraph 3.

9          4.      In response to the averments contained in paragraph 4 of the Complaint, Experian

10  admits that it is an Ohio corporation that is authorized to do, and is doing, business in the State of

11  California.  Experian admits that it is a consumer reporting agency as defined in the FCRA and as

12  such, receives credit information and other information on consumers for the purpose of

13  furnishing consumer reports to third parties as defined by the FCRA.  Experian denies the

14  remaining averments of paragraph 4.

15         5.      In response to the averments contained in paragraph 5 of the Complaint, Experian

16  states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of

17  the other averments that purport to apply to plaintiffs and/or other defendants and, on that basis,

18  denies those other averments.  Experian denies the remaining averments of paragraph 5.

19         6.      In response to the averments contained in paragraph 6 of the Complaint, Experian

20  states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of

21  the other averments that purport to apply to plaintiffs and/or other defendants and, on that basis,

22  denies those other averments.  Experian denies the remaining averments of paragraph 6.

23         7.      In response to the averments contained in paragraph 7 of the Complaint, Experian

24  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

25  averments that purport to apply to plaintiff, third parties, and/or other defendants and, on that

26  basis, denies those averments.  Experian denies the remaining averments contained in paragraph 7

27  of the Complaint.

28         8.      In response to the averments contained in paragraph 8 of the Complaint, Experian

EXPERIAN'S ORIGINAL ANSWER AND
AFFIRMATIVE DEFENSES

1  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

2  averments that purport to apply to plaintiff, third parties, and/or other defendants and, on that

3  basis, denies those averments. Experian further states that it has not yet completed its

4  investigation with regard to its reporting of plaintiff's credit information. Therefore, Experian is

5  without knowledge or information sufficient to form a belief as to the truth or the falsity of the

6  averments that purport to apply to plaintiff's credit report and, on that basis, denies those

7  averments. Experian, however, admits that it receives consumer data from Capital One.

8  Experian denies the remaining averments contained in paragraph 8 of the Complaint.

9      9.    In response to the averments contained in paragraph 9 of the Complaint, Experian

10  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

11  averments that purport to apply to plaintiff and, on that basis, denies those averments. Experian

12  denies the remaining averments contained in paragraph 9 of the Complaint.

13      10.    In response to the averments contained in paragraph 10 of the Complaint, Experian

14  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

15  averments that purport to apply to other defendants and, on that basis, denies those averments.

16  Experian denies the remaining averments contained in paragraph 10 of the Complaint.

17      11.    In response to the averments contained in paragraph 11 of the Complaint, Experian

18  states that plaintiff requested a reinvestigation almost two years after first becoming aware that

19  she was an alleged victim of identity theft. Plaintiff requested a reinvestigation by letter in

20  August 2007. In the letter, she disputed three tradelines and some inquiries that were listed on her

21  January 2007 consumer disclosure. Plaintiff stated that one of the tradelines was opened

22  fraudulently. Experian conducted a reinvestigation of plaintiff's disputes. At the time of the

23  reinvestigation, two of the disputed tradelines were not displaying in plaintiff's credit profile.

24  Nonetheless for those tradelines, Experian sent a referral to the other national credit bureaus,

25  notifying them of plaintiff's fraud dispute. The third tradeline was reporting with a positive pay

26  history. On August 14, 2007, the results of Experian's reinvestigation were sent to plaintiff. The

27  results included information regarding the disputed accounts that were not displaying at the time

28  of plaintiff's request for a reinvestigation and the dispute verification process. Experian expressly

1    denies that it violated the FCRA, either negligently or intentionally. Furthermore, Experian

2    denies that plaintiff is entitled to any relief sought in the Complaint or to any other relief

3    whatsoever against Experian. Experian denies the remaining averments of paragraph 11.

4           12.    In response to the averments contained in paragraph 12 of the Complaint, Experian

5    lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

6    averments that purport to apply to other defendants and, on that basis, denies those averments.

7    Experian denies the remaining averments contained in paragraph 12 of the Complaint.

8           13.    In response to the averments contained in paragraph 13 of the Complaint, Experian

9    lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

10   averments that purport to apply to other defendants and, on that basis, denies those averments.

11   Experian denies the remaining averments contained in paragraph 13 of the Complaint.

12          14.    In response to the averments contained in paragraph 14 of the Complaint, Experian

13   lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

14   averments that purport to apply to other defendants and, on that basis, denies those averments.

15   Experian denies the remaining averments contained in paragraph 14 of the Complaint.

16          15.    In response to the averments contained in paragraph 15 of the Complaint, Experian

17   lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

18   averments that purport to apply to other defendants and, on that basis, denies those averments.

19   Experian denies the remaining averments contained in paragraph 15 of the Complaint.

20          16.    In response to the averments contained in paragraph 16 of the Complaint, Experian

21   lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

22   averments that purport to apply to other defendants and, on that basis, denies those averments.

23   Experian denies the remaining averments contained in paragraph 16 of the Complaint.

24          17.    In response to the averments contained in paragraph 17 of the Complaint, Experian

25   lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

26   averments that purport to apply to other defendants and, on that basis, denies those averments.

27   Experian denies the remaining averments contained in paragraph 17 of the Complaint.

28          18.    Paragraph 18 of the Complaint does not require an answer because it does not

1  include any factual averments. To the extent an answer is required, Experian denies the

2  averments in paragraph 18.

3      19.    In response to the averments contained in paragraph 19 of the Complaint, Experian

4  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

5  averments that purport to apply to other defendants and, on that basis, denies those averments.

6  Experian denies the remaining averments contained in paragraph 19 of the Complaint.

7      20.    In response to the averments contained in paragraph 20 of the Complaint, Experian

8  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

9  averments that purport to apply to other defendants and, on that basis, denies those averments.

10  Experian denies the remaining averments contained in paragraph 20 of the Complaint.

11      21.    In response to the averments contained in paragraph 21 of the Complaint, Experian

12  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

13  averments that purport to apply to other defendants and, on that basis, denies those averments.

14  Experian denies the remaining averments contained in paragraph 21 of the Complaint.

15      22.    Paragraph 22 of the Complaint does not require an answer because it does not

16  include any factual averments. To the extent an answer is required, Experian denies the

17  averments in paragraph 22.

18      23.    In response to the averments contained in paragraph 23 of the Complaint, Experian

19  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

20  averments that purport to apply to other defendants and, on that basis, denies those averments.

21  Experian denies the remaining averments contained in paragraph 23 of the Complaint.

22      24.    In response to the averments contained in paragraph 24 of the Complaint, Experian

23  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

24  averments that purport to apply to other defendants and, on that basis, denies those averments.

25  Experian denies the remaining averments contained in paragraph 24 of the Complaint.

26      25.    In response to the averments contained in paragraph 25 of the Complaint, Experian

27  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

28  averments that purport to apply to other defendants and, on that basis, denies those averments.

EXPERIAN'S ORIGINAL ANSWER AND
AFFIRMATIVE DEFENSES

1    Experian denies the remaining averments contained in paragraph 25 of the Complaint.

2        26.    Paragraph 26 of the Complaint does not require an answer because it does not

3    include any factual averments. To the extent an answer is required, Experian denies the

4    averments in paragraph 26.

5        27.    In response to the averments contained in paragraph 27 of the Complaint, Experian

6    lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

7    averments that purport to apply to other defendants and, on that basis, denies those averments.

8    Experian denies the remaining averments contained in paragraph 27 of the Complaint.

9        28.    In response to the averments contained in paragraph 28 of the Complaint, Experian

10    lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

11    averments that purport to apply to other defendants and, on that basis, denies those averments.

12    Experian denies the remaining averments contained in paragraph 28 of the Complaint.

13        29.    In response to the averments contained in paragraph 29 of the Complaint, Experian

14    lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

15    averments that purport to apply to other defendants and, on that basis, denies those averments.

16    Experian denies the remaining averments contained in paragraph 29 of the Complaint.

17        30.    Paragraph 30 of the Complaint does not require an answer because it does not

18    include any factual averments. To the extent an answer is required, Experian denies the

19    averments in paragraph 30.

20        31.    In response to the averments contained in paragraph 31 of the Complaint, Experian

21    lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

22    averments that purport to apply to other defendants and, on that basis, denies those averments.

23    Experian denies the remaining averments contained in paragraph 31 of the Complaint.

24        32.    In response to the averments contained in paragraph 32 of the Complaint, Experian

25    lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

26    averments that purport to apply to other defendants and, on that basis, denies those averments.

27    Experian denies the remaining averments contained in paragraph 32 of the Complaint.

28        33.    In response to the averments contained in paragraph 33 of the Complaint, Experian

EXPERIAN'S ORIGINAL ANSWER AND
AFFIRMATIVE DEFENSES

1  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

2  averments that purport to apply to other defendants and, on that basis, denies those averments.

3  Experian denies the remaining averments contained in paragraph 33 of the Complaint.

4      34.    Paragraph 34 of the Complaint does not require an answer because it does not

5  include any factual averments. To the extent an answer is required, Experian denies the

6  averments in paragraph 34.

7      35.    In response to the averments contained in paragraph 35 of the Complaint, Experian

8  denies the averments. Experian further states that to the extent the averment suggests that

9  Experian negligently or intentionally permitted false credit information to be included in

10  plaintiff's credit file, Experian denies the averment.

11      36.    In response to the averments contained in paragraph 36 of the Complaint, Experian

12  denies the averments. Experian further states that to the extent the averment suggests that

13  Experian caused plaintiff's alleged damages, Experian expressly denies that it is liable to plaintiff

14  or that plaintiff is in any way entitled to relief from Experian.

15      37.    In response to the averments contained in paragraph 37 of the Complaint, Experian

16  denies the averments.

17      38.    Paragraph 38 of the Complaint does not require an answer because it does not

18  include any factual averments. To the extent an answer is required, Experian denies the

19  averments in paragraph 38.

20      39.    In response to the averments contained in paragraph 39 of the Complaint, Experian

21  denies the averments. Experian further states that to the extent the averment suggests that

22  Experian negligently or intentionally permitted false credit information to be included in

23  plaintiff's credit file, Experian denies the averment.

24      40.    In response to the averments contained in paragraph 40 of the Complaint, Experian

25  denies the averments. Experian further states that to the extent the averment suggests that

26  Experian caused plaintiff's alleged damages. Experian expressly denies that it is liable to plaintiff

27  or that plaintiff is in any way entitled to relief from Experian.

28      41.    In response to the averments contained in paragraph 41 of the Complaint, Experian

EXPERIAN'S ORIGINAL ANSWER AND
AFFIRMATIVE DEFENSES

1    denies the averments.

2        42.    Paragraph 42 of the Complaint does not require an answer because it does not

3    include any factual averments.  To the extent an answer is required, Experian denies the

4    averments in paragraph 42.

5        43.    In response to the averments contained in paragraph 43 of the Complaint, Experian

6    lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

7    averments that purport to apply to other defendants and, on that basis, denies those averments.

8    Experian denies the remaining averments contained in paragraph 43 of the Complaint.

9        44.    In response to the averments contained in paragraph 44 of the Complaint, Experian

10    lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

11    averments that purport to apply to other defendants and, on that basis, denies those averments.

12    Experian denies the remaining averments contained in paragraph 44 of the Complaint.

13        45.    In response to the averments contained in paragraph 45 of the Complaint, Experian

14    lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

15    averments that purport to apply to other defendants and, on that basis, denies those averments.

16    Experian denies the remaining averments contained in paragraph 45 of the Complaint.

17        46.    Paragraph 46 of the Complaint does not require an answer because it does not

18    include any factual averments.  To the extent an answer is required, Experian denies the

19    averments in paragraph 46.

20        47.    In response to the averments contained in paragraph 47 of the Complaint, Experian

21    lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

22    averments that purport to apply to other defendants and, on that basis, denies those averments.

23    Experian denies the remaining averments contained in paragraph 47 of the Complaint.

24        48.    In response to the averments contained in paragraph 48 of the Complaint, Experian

25    lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

26    averments that purport to apply to other defendants and, on that basis, denies those averments.

27    Experian denies the remaining averments contained in paragraph 48 of the Complaint.

28        49.    In response to the averments contained in paragraph 49 of the Complaint, Experian

1   lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

2   averments that purport to apply to other defendants and, on that basis, denies those averments.

3   Experian denies the remaining averments contained in paragraph 49 of the Complaint.

4        50.    In response to the averments contained in the unnumbered paragraph beginning

5   "Wherefore" and each of its subparts, Experian denies that plaintiff is entitled to any relief sought

6   in the Complaint or to any other relief whatsoever against Experian.  Experian denies the

7   remaining averments of these unnumbered paragraphs.

8                              **AFFIRMATIVE DEFENSES**

9        51.    In addition to the responses to the individual paragraphs above, Experian further

10  pleads the following affirmative defenses.

11                                **FIRST DEFENSE**

12       52.    As an affirmative defense, Experian states that the injuries and damages allegedly

13  sustained by plaintiff were directly and proximately caused by the acts of others, including the

14  alleged "Imposter."

15                               **SECOND DEFENSE**

16       53.    As an affirmative defense, Experian states that plaintiff's rights of recovery are

17  barred by the doctrines of waiver, estoppel or laches and by the statute of limitations as set out in

18  15 U.S.C. §1681p, and any other applicable statute of limitations.

19                                **THIRD DEFENSE**

20       54.    As an affirmative defense, Experian states that plaintiff's claims against Experian

21  are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

22                               **FOURTH DEFENSE**

23       55.    As an affirmative defense, Experian states that plaintiff's rights of recovery based

24  upon any alleged action or proceeding under state or common law are barred pursuant to 15

25  U.S.C. §1681h(e).

26                                **FIFTH DEFENSE**

27       56.    As an affirmative defense, Experian states that all or part of the damages allegedly

28  suffered by plaintiffs in this action were caused by plaintiff's failure to mitigate damages as

DLJ-6205729v1
                                            - 9 -                    EXPERIAN'S ORIGINAL ANSWER AND
                                                                         AFFIRMATIVE DEFENSES

1  required by law.

2  **SIXTH DEFENSE**

3      57.    As an affirmative defense, Experian states that plaintiff is barred from recovery to

4  the extent plaintiff was contributorily and/or comparatively negligent.

5  **SEVENTH DEFENSE**

6      58.    As an affirmative defense, Experian states that the complaint fails to state a claim

7  upon which relief can be granted to the plaintiffs and should be dismissed.

8  **EIGHTH DEFENSE**

9      59.    As an affirmative defense, Experian states that any claims for punitive or

10  exemplary damages violate Experian's right to due process of law under the United States and

11  California Constitutions.

12  **PRAYER**

13      WHEREFORE, defendant Experian prays that plaintiff take nothing as a result of this suit,

14  that this action be dismissed in its entirety, and that Experian be awarded all costs, including

15  reasonable attorney's fees, and other relief that the Court deems just and proper.

16

17

18

19

20

21

22

23

24

25

26

27

28

DLI-6205729v1

EXPERIAN'S ORIGINAL ANSWER AND
AFFIRMATIVE DEFENSES

Dated: August 21, 2008

JONES DAY

By: _____

David L. Wallach
California Bar No. 233432
JONES DAY
555 California Street
San Francisco, CA 94105
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
dwallach@jonesday.com

Cindy W. Andrew (Admitted *pro hac* in related case 07-4980)
Texas Bar No. 00796128
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
candrew@jonesday.com

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to this action. My business address is 2727 North Harwood Street, Dallas, Texas 75201. On March 14, 2008, I served EXPERIAN INFORMATION SOLUTIONS, INC.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

**Andrew Jones Ogilvie**
Kemnitzer Anderson Barron Ogilvie & Brewer, LLP
445 Bush Street, Sixth Floor
San Francisco, CA 94108
(415) 861-2265
Fax: (415) 861-3151
Email: ajogil@kabolaw.com

Attorneys for Plaintiff Emelia M. Pasternak

**Donald E. Bradley**
Musick Peeler & Garrett LLP
650 Town Center Drive
Suite 1200
Costa Mesa, CA 92626
714-668-2400
Fax: 714-668-2490
Email: d.bradley@mpglaw.com

Attorneys for Defendant Trans Union LLC

DLI-6205729v1

- 11 -

EXPERIAN'S ORIGINAL ANSWER AND
AFFIRMATIVE DEFENSES

1

2  **Thomas P. Quinn**                          **Abraham J. Colman**
   Nokes & Quinn                               **Felicia Y. Yu**
3  450 Ocean Avenue                            **Veronica Kuiumdjian**
   Laguna Beach, CA 92651                       Reed Smith LLP
4  949-376-3055                                 355 South Grand Avenue
   Fax: 949-376-3070                            Suite 2900
5  Email: vhoman@nokesquinn.com                 Los Angeles, CA 90071
                                                213-457-8052
6  Attorneys for Defendant Equifax,             Fax: 213-457-8080
                                                Email: vkuiumdjian@reedsmith.com
7
                                                Attorneys for Defendant Capital One Bank
8
              I caused such envelope to be deposited in the mail at Dallas, Texas.  The envelope
9
    was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of
10
    collection and processing correspondence for mailing.  Under that practice, it would be deposited
11
    with U.S. postal service on that same day with postage thereon fully prepaid at Dallas, Texas in
12
    the ordinary course of business.  I am aware that on motion of the party served, service is
13
    presumed invalid if postal cancellation date or postage meter date is more than one day after date
14
    of deposit for mailing in affidavit.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXPERIAN'S ORIGINAL ANSWER AND
AFFIRMATIVE DEFENSES