THOMAS P. QUINN, JR. (SBN: 132268)
NOKES & QUINN
450 OCEAN AVENUE
LAGUNA BEACH, CA 92651
Tel: (949) 376-3055
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com

Attorneys for Defendant EQUIFAX INFORMATION SERVICES LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELIA M. PASTERNAK,<br><br>    Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS LLC, EQUIFAX INFORMATION SERVICES, LLC. And CAPITAL ONE BANK, a national association,<br><br>    Defendants. | Case No: CV 08 2972 CW<br><br>**ANSWER AND DEFENSES OF DEFENDANT EQUIFAX INFORMATION SERVICES LLC** |

Defendant EQUIFAX INFORMATION SERVICES LLC ("Equifax") hereby submits its answer and defenses to Plaintiff's Complaint as follows:

1. To the extent that Plaintiff can maintain this action, which Equifax denies, it admits that jurisdiction is proper in this Court.

2. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Equifax admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Equifax admits that there is a Capital One Bank inquiry on October 6, 2004 on Plaintiff's credit file. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Equifax denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Equifax admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Equifax admits that there was an account review inquiry on Plaintiff's credit file from Capital One on March 4, 2008. Equifax denies that each and every entry listed in the inquiry section of Plaintiff's credit file equates to a consumer report being issued and further denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Equifax admits the first and second sentences contained in Paragraph 15 of Plaintiff's Complaint. Equifax denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.    Equifax admits the first sentence of Paragraph 17 and that it provided Plaintiff with a copy of her credit report dated August 10, 2007. Equifax denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF

### (Against Equifax)

18.    In response to Paragraph 18 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

19.    Equifax denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.    Equifax denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.    Equifax denies that Plaintiff is entitled to attorney's fees.

## SECOND CLAIM FOR RELIEF

### (Against Equifax)

### (Willful Noncompliance with the FCRA)

22.    In response to Paragraph 22 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

23.    Equifax denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.    Equifax denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.    Equifax denies that Plaintiff is entitled to attorney's fees.

## THIRD CLAIM FOR RELIEF

### (Against Trans Union)

26.    In response to Paragraph 26 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

27.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint.

## FOURTH CLAIM FOR RELIEF

**(Against Trans Union)**

**(Willful Noncompliance with the FCRA)**

30. In response to Paragraph 30 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

31. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint.

## FIFTH CLAIM FOR RELIEF

**(Against Experian)**

**(Negligent Noncompliance with the FCRA)**

34. In response to Paragraph 34 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

35. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint.

## SIXTH CLAIM FOR RELIEF

**(Against Experian)**

**(Willful Noncompliance of the FCRA)**

38. In response to Paragraph 38 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

39. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint.

## SEVENTH CLAIM FOR RELIEF

**(Against Capital One)**

**(Negligent Noncompliance with the FCRA)**

42. In response to Paragraph 42 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

43. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Complaint.

## EIGHTH CLAIM FOR RELIEF

**(Against Capital One)**

**(Willful Noncompliance with the FCRA)**

46. In response to Paragraph 46 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

47. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Complaint.

# PRAYER

50. Equifax denies that Plaintiff is entitled to any of the relief set forth in her Prayer for Relief.

# DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

# FIRST DEFENSE

51. Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

# SECOND DEFENSE

52. Plaintiff's claims are, or may be, barred by the applicable statute of limitations.

# THIRD DEFENSE

53. Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

# FOURTH DEFENSE

54. To the extent that plaintiff alleges that Equifax violated the FCRA or other similar statute, Equifax is entitled to, and asserts, each and every defense and limitation of liability provided by said acts.

# FIFTH DEFENSE

55. Some, or all, of Plaintiff's claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. §1681h(e).

# SIXTH DEFENSE

56. Equifax maintained reasonable procedures to assure the maximum possible accuracy in its credit reports.

# SEVENTH DEFENSE

58. The Complaint is barred by Plaintiff's failure to mitigate her damages, if any.

**EIGHTH DEFENSE**

59. Equifax's publication of information about Plaintiff, if any, was privileged and justified.

**NINTH DEFENSE**

60. Plaintiff's claim for punitive damages is barred by the provisions of 15 U.S.C. §1681n.

**TENTH DEFENSE**

61. Plaintiff's complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

**ELEVENTH DEFENSE**

62. To the extent any allegations or counts sound in tort or negligence, Equifax asserts any and all defenses available to it under those bodies of law.

**TWELFTH DEFENSE**

63. Any allegation of the Complaint not expressly admitted is denied.

**THIRTEENTH DEFENSE**

64. Equifax reserves the right to have additional defenses that it learns of through the course of discovery.

**WHEREFORE,** this answering Defendant prays judgment as follows:

1. That Plaintiff takes nothing by reason of his Complaint on file herein, and that the same be dismissed;

2. For costs of suit and attorney's fees herein; and

///
///
///

3. For such other and further relief as the Court may deem just and proper.

NOKES & QUINN

Dated: August 26, 2008

/s/
THOMAS P. QUINN, JR.,
Attorneys for Defendant EQUIFAX INFORMATION SERVICES, LLC

Of Counsel:

Cara L. Hergenroether, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100

- 8 –

ANSWER AND DEFENSES OF EQUIFAX INFORMATION SERVICES
Case No: CV 08 2972 CW