1  Abraham J. Colman (SBN 146933)
   Email: acolman@reedsmith.com
2  Felicia Y. Yu (SBN 193316)
   Email: fyu@reedsmith.com
3  Veronica Kuiumdjian (SBN 244825)
   Email: vkuiumdjian@reedsmith.com
4  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
5  Los Angeles, CA 90071-1514
   Telephone: 213.457.8000
6  Facsimile: 213.457.8080

7  Attorneys for Defendant
   Capital One Bank (USA), N.A.

8                    UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

10

11  EMELIA M. PASTERNAK,                    )   No.: CV 08-02972 CW
                                            )
12              Plaintiff,                  )   **[PROPOSED] ORDER GRANTING
                                            )   DEFENDANT CAPITAL ONE BANK
13       vs.                                )   (USA), N.A.'S MOTION TO DISMISS
                                            )   PLAINTIFF'S COMPLAINT**
14  TRANS UNION, LLC, EXPERIAN              )
    INFORMATION SOLUTIONS, INC.,            )   Date:      September 25, 2008
15  EQUIFAX INFORMATION SERVICES,           )   Time:      2:00 p.m.
    LLC, and CAPITAL ONE BANK, a            )   Courtroom: 2
16  national association,                   )
                                            )   Honorable Claudia Wilken
17              Defendants.                 )
                                            )

# [PROPOSED] ORDER GRANTING DEFENDANT CAPITAL ONE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT:

## I.  INTRODUCTION

The Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant Capital One Bank ("Capital One"), in the above-captioned action came on for hearing on September 25, 2008, at 2:00 p.m. in Courtroom of the above-entitled Court, the Honorable Claudia Wilken presiding.  Appearances were as stated in the record.

After consideration of the pleadings, briefs and oral argument presented, as well as all other matters presented to the Court, and good cause having been shown, the Court GRANTS defendant Capital One's Motion to Dismiss pursuant to Rule 12(b)(6).

## II.  FACTUAL BACKGROUND

On June 16, 2008, Plaintiff Emelia Pasternak filed the instant action against Defendants Capital One, Trans Union, Experian and Equifax after they refused to stipulate to the filing of a proposed second amended complaint in a separate case pending before this Court since September 26, 2007 (Civil Case Number 07-04980)(hereinafter the "2007 Action").  According to this Court's Case Management Order in the 2007 Action, the deadline to add additional parties or claims was June 16, 2008.  Rather than seek leave from the Court to file her proposed second amended complaint or to modify the case scheduling deadlines set in the 2007 Action, Plaintiff simply filed this case (hereinafter the "2008 Action") and then sought to relate the two cases.  In the Complaint, Plaintiff alleges that Capital One issued a credit card to the identity thief in Plaintiff's name after it received plaintiff's credit reports from credit reporting agencies. The 2008 Action involves the same parties and the same operative

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

facts as the 2007 Action. The 2008 Action also involves claims that clearly should have, and could have, been brought in the 2007 Action. Defendant Capital One has now moved to dismiss the Complaint.

### III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The Court must assume that the plaintiff's allegations are true. *See Usher v. City of Los Angeles*, 828 F. 2d 556, 561 (9th Cir. 1987).

### IV.  ANALYSIS

**A.   Plaintiff Is Precluded From Bringing This Lawsuit Against Capital One Because The Seventh And Eighth Causes Of Action Violate The Doctrine Of Claim Splitting.**

Plaintiff's seventh and eighth causes of action attempt to state a claim for violation of the FCRA against Capital One. 15 U.S.C. § 1681b and § 1681q. Capital One argues that the claims are defective because the filing of this lawsuit against Capital One is an improper attempt to split claims and an attempt to circumvent the Court's Case Management Order in the 2007 Action.

The doctrine of claim splitting bars a party from subsequent litigation where the "same controversy" exists. *Single Chip Systems Corp. v. Intermec IP Corp*, 495 F. Supp. 2d 1052, 1058 (S.D. Cal. 2007). Thus, when a suit is pending in federal court, a plaintiff has no right to assert another action "on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank*, *N.A.*, 226 F. 3d 133, 138-39 (2d Cir. 2000). In a claim splitting case, the second suit will be barred if the claim involves the same parties or their privies and "arises out of the same transaction or series of transactions" as the first claim. *See Trustmark Insur. Co. v.*

1  *ESLU, Inc.*, 299 F. 3d 1265, 1269-70 (11th Cir. 2002).  The "main purpose behind the rule preventing claim splitting is to protect the defendant from being harassed by repetitive actions based on the same claim."  *Id.; Clements v. Airport Authority of Washoe County,* 69 F. 3d 321, 328 (9th Cir. 1995) (citation omitted).

This case meets the applicable factors for claim splitting.  The Ninth Circuit in *In re International Nutronics, Inc.*, 28 F. 3d 965, 970 (9th Cir. 1994), set forth the factors for considering "whether successive suits involve the same cause of action," including:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Although not one single factor is determinative of whether a successive suit would be barred under res judicata principles, whether the "same transactional nucleus of facts" exists is the most important factor in the analysis.  *Single Chip Systems Corp.*, 495 F. Supp. 2d at 1061; *Costantini v. Trans World Airlines*, 681 F. 2d 1199, 1202 (9th Cir. 1982).  The Ninth Circuit uses a transaction test to determine whether two suits share the same transactional nucleus of operative facts.  *Int'l Union v. Karr,* 994 F. 2d 1426, 1429-30 (9th Cir. 1993); *Western Sys., Inc. v. Ulloa,* 958 F. 2d 864, 871 (9th Cir. 1992) ("Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together"); *Pueschel v. U.S.*, 369 F. 3d 345, 355 (4th Cir. 2004).

Here, Plaintiff admits in her Motion to Consider Whether Cases Should be Related that the 2007 and 2008 Actions concern substantially the same parties, property, transaction or event.  "The parties are identical: In both actions, Emelia M.

Pasternak is the plaintiff and the defendants are Capital One Bank, Trans Union, Equifax and Experian. The claims in both cases involve the theft of plaintiff's identity by an imposter who opened accounts in her name at Capital One Bank, Capital One Bank's continued efforts to collect the fraudulent account from Ms. Pasternak even after it knew that the account had been opened fraudulently and its subsequent lawsuit against her, and the violations of the Fair Credit Reporting Act by all defendants." *See* Plaintiff's Administrative Motion to Consider Whether Cases Should be Related, pg. 2, lines 1-15.

Moreover, the causes of action asserted involve the same facts regarding Capital One's handling of Plaintiff's credit. The accounts at issue in both actions are the same and the activity of Capital One in connection with those accounts arises from the same facts. The 2008 Action originates from the same set of facts as the 2007 Action and should have been brought in the previous action (after seeking leave of court). Here, the factual predicate of both the 2007 Action and the 2008 Action involve the same accounts, the same parties, and the same conduct relating to those accounts. Thus, the instant complaint arises out of the same transaction and operative facts underlying the claims in the 2007 Action, and could have been heard by the Court in the earlier case had Plaintiff sought timely leave from the Court to amend.

As discussed above, in addition to whether subsequent suits have in common the same cause, transaction or occurrence, the Ninth Circuit also looks to three additional factors. In this instance, for both the 2007 Action and the 2008 Action, substantially the same evidence will be presented. Similarly, both suits involve the same credit accounts, the same credit reports, and accordingly involve infringement of the same right. Moreover, the later prosecution of the 2008 suit will directly impinge on, and consequently impair, any rights or judgment that would be established in the 2007 suit on these claims. Any finding of violation by a jury, for

example, could be eviscerated through the re-trial of the same accounts involving the same parties. Also, Plaintiff may be awarded double damages for violations based on the same facts or occurrences. *See Single Chip Systems Corp v. Intermec IP Corp*, 495 F. Supp. 2d 1052, 1065 (S.D. Cal. 2007). Accordingly, the Court should find that the 2007 Action and the 2008 Action share the same causes of action and the court should dismiss the 2008 action.

Plaintiff could have asserted an FCRA "impermissible pull" claim long before now, but chose not to. Moreover, allowing Plaintiff to pursue piecemeal claims "would frustrate the policies underlying the res judicata doctrine, put the parties to the cost and vexation of multiple lawsuit, deplete judicial resources, foster inconsistent decision, and diminish reliance on judicial decisions." *Myers v. Colgate-Palmolive Co.*, 102 f. Supp. 2d 1208, 1224 (D. Kan. 2000).

### B. This Lawsuit Is An Impermissible Circumvention Of This Court's Case Management Order In The 2007 Action.

In addition, Plaintiff's suit is an impermissible end-run around this Court's Case Management Order in the 2007 Action. Except for amendments made "of course" or pursuant to stipulation, leave of court is required to amend a pleading. FRCP 15(a)(2). Plaintiff did not seek leave of court in this instance.

Further, even if Plaintiff sought leave to amend the first amended complaint in the 2007 Action, she had to first seek to modify the scheduling order in place because any amendment of the pleadings would run against the case deadlines set by the Court. Where a scheduling order limits the time for amending pleadings, plaintiff must first show good cause to modify the scheduling order. *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F. 3d 229, 243 (2d Cir. 2007). *Colman v. Quaker Oats Co.*, 232 F. 3d 1271, 1294 (9th Cir. 2000). *Johnson v. Mammoth Recreations,*

*Inc.*, 975 F. 2d 604, 609 (9th Cir. 1992); *Hargett v. Valley Fed'l Sav. Bank,* 60 F. 3d 754, 761 (11th Cir. 1995); *S&W Enterprises, LLC v. South Trust Bank of Alabama*, NA, 315 F. 3d 533, 536 (5th Cir. 2003)

Nine months into the 2007 Action, Plaintiff asked the defendants to stipulate to allow Plaintiff to add new causes of action. *See* Plaintiff's Administrative Motion to Consider Whether Cases Should be Related, pg. 2, lines 22-25. All of the defendants refused because of the prejudice they would face having to deal with a new complaint so late in the course of the 2007 action. *Id.* Instead of asking the Court for leave to add more claims against Capital One and the other defendants, Plaintiff decided to file a completely separate action, involving the same set of facts, although the original action was still pending in this court. Plaintiff circumvented the Court's scheduling order and failed to follow Federal Rules 15 and 16 in her attempt to add the claim she has filed now as a separate action.

Further, even if Plaintiff were to have asked for leave to amend in the 2007 Action, good cause did not and does not exist to amend the first amended compliant in the 2007 action or the court's scheduling order. In considering a request for leave to amend under Rule 15(a), the court considers "the presence or absence of undue delay, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F. 2d 531, 538 (9th Cir. 1989). Based on these considerations, Plaintiff had no valid grounds to seek leave to amend the first amended complaint and indeed did not attempt to seek leave.

Plaintiff's attempt to file a ***second*** amended complaint in the 2007 Action was predicated on undue delay. Unexplained delay alone is a sufficient basis for denying leave to amend. *Minter v. Prime Equip. Co,*. 451 F. 3d 1196, 1206 (10th Cir. 2006); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F. 3d 946, 953 (9th Cir.

2006) (8-month unexplained delay). Also, leave to amend has been denied where the moving party either knew or should have known when drafting the original pleading the facts on which the amendment is based but did not include them in the original pleading. *Kaplan v. Rose*, 49 F. 3d 1363, 1370 (9th Cir. 1994); *Invest Almaz v. Temple-Inland Forest Products Corp.*, 243 F. 3d 57, 72 (1st Cir. 2001) (what plaintiff should have known and what he should have done "are relevant to the question of whether justice requires leave to amend.").

Plaintiff has attempted to bring an improper credit pull claim under the FCRA. However, in the original complaint filed on September 26, 2007, Plaintiff had alleged an FCRA credit pull claim against the credit bureaus, alleging that they failed to maintain reasonable procedures to limit the furnishing of a consumer credit report to persons who have a permissible purpose to view the consumer's credit report. *See* Complaint in 2007 Action, ¶ 2. Moreover, the "impermissible pulls" Plaintiff alleges against Capital One were in connection with the collection of the accounts at issue in the 2007 Action, and this collection activity forms the basis for Plaintiff's claims against Capital One in the 2007 Action. Therefore, Plaintiff was apprised of impermissible pulls that form the basis of the claim Plaintiff has brought against Capital One at this late date.

Another factor to consider is whether the moving party has previously amended his or her pleading. The court's discretion is broad when the court has already given a plaintiff one or more opportunities to amend his complaint. *Mir v. Fosburg*, 646 F. 2d 342, 347 (9th cir. 1980); *Sisseton – Wahpeton Sioux Tribe v. United States*, 90 F. 3d 351 (9th Cir. 1996). In December of 2007, the defendants stipulated to allow Plaintiff to file a first amended complaint. Although given this opportunity, Plaintiff waited six more months before asking defendants again to file another amended complaint on the eve of the cut-off deadline imposed by the Court's

1  scheduling order. *Coleman v. Quaker Oats Co.*, 232 F. 3d 1271, 1295 (9th Cir. 2000)
2  (Plaintiff's "failed to show diligence" in amending complaint and thus the court found
3  "the inquiry should end" and the district court did not abuse its discretion when it
4  denied Plaintiff's motion to amend the complaint).

## V.  CONCLUSION

For the foregoing reasons, the Court hereby GRANTS in its entirety defendant Capital One's Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Complaint is DISMISSED WITH PREJUDICE in its entirety and without leave to amend.

IT IS SO ORDERED.

DATED: _____   _____
                                Honorable Claudia Wilken
                                United States District Court Judge

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On August 26, 2008, I served the following document(s) by the method indicated below:

**[PROPOSED] ORDER GRANTING DEFENDANT CAPITAL ONE BANK (USA), N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

☒ **By transmitting via email to the parties at the email addresses listed below:**

☒ **On the recipients designated on the Transaction Receipt located on the CM/ECF website.**

☒ **FEDERAL: I declare that I am a member of the bar of this court at whose direction the service was made.**

*SEE ATTACHED SERVICE LIST*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 26, 2008 at Los Angeles, California.

/s/ Veronica Kuiumdjian
Veronica Kuiumdjian

## Service List

*Pasternak v. Trans Union, LLC, et al.*
USDC, Case No.: CV 08-02972 CW

| | |
|---|---|
| **Andrew Jones Ogilvie**<br>Kemnitzer Anderson Barron Ogilvie & Brewer, LLP<br>445 Bush Street, Sixth Floor<br>San Francisco, CA 94108<br>Tel: (415) 861-2265<br>Fax: (415) 861-3151<br>Email: ajogil@kabolaw.com | *Attorneys for Plaintiff*<br>*Emelia M. Pasternak* |
| **Robert S. Sola**<br>Attorney-at-Law<br>8835 SW Canyon Lane<br>Suite 130<br>Portland, OR 97225<br>Tel: (503) 295-6880<br>Fax: (503) 291-9172<br>Email: rssola@msn.com | *Attorneys for Plaintiff*<br>*Emelia M. Pasternak*<br>*Admitted Pro Hac Vice* |
| **Donald E. Bradley**<br>Musick Peeler & Garrett LLP<br>650 Town Center Drive<br>Suite 1200<br>Costa Mesa, CA 92626<br>Tel: 714-668-2400<br>Fax: 714-668-2490<br>Email: d.bradley@mpglaw.com | *Attorneys for Defendant*<br>*Trans Union LLC* |
| **Thomas P. Quinn**<br>Nokes & Quinn<br>450 Ocean Avenue<br>Laguna Beach, CA 92651<br>Tel: 949-376-3055<br>Fax: 949-376-3070<br>Email: yhoman@nokesquinn.com | *Attorneys for Defendant*<br>*Equifax Information Services LLC* |
| **Cara Hergenroether**<br>King & Spalding, LLP<br>1180 Peachtree Street N.E.<br>Atlanta, Georgia 30309-3521<br>Tel: (404) 215-5796<br>Fax: (404) 572-5100<br>Email: chergenroether@kslaw.com | *Attorneys for Defendant*<br>*Equifax Information Services LLC*<br>*Admitted Pro Hac Vice* |

## Service List

*Pasternak v. Trans Union, LLC, et al.*
USDC, Case No.: CV 08-02972 CW

| | |
|---|---|
| **David L. Wallach**<br>Jones Day<br>555 California Street<br>26th Floor<br>San Francisco, CA 94104<br>Tel: 415-875-5827<br>Fax: 415-875-5700<br>Email: dwallach@jonesday.com | *Attorneys for Defendant*<br>*Experian Information Solutions Inc* |
| **Lucinda Warnett Andrew**<br>Jones Day<br>2727 North Harwood Street<br>Dallas, TX  75201<br>Tel: 214.220.3939<br>Fax: 214.969.5100<br>Email: candrew@jonesday.com | *Attorneys for Defendant*<br>*Experian Information Solutions Inc.*<br>*Admitted Pro Hac Vice* |