IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EMELIA M. PASTERNAK,

       Plaintiff,

  v.

TRANS UNION LLC, et al.,

       Defendants.
_____/

No. C 08-02972 CW

ORDER DENYING DEFENDANT CAPITAL ONE BANK'S MOTION TO DISMISS

    Defendant Capital One Bank moves to dismiss, under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's claim against it based on the doctrine of claim splitting. Plaintiff opposes the motion. Having considered all the papers filed by the parties, the Court DENIES Defendant Capital One's motion.

## BACKGROUND

    In July, 2003, an imposter, using Plaintiff's name and her previous address on Gayley Avenue in Los Angeles, California, submitted a credit application to Capital One. (2008 Complaint at 2.) Capital One granted the imposter's application and sent the imposter a credit card in Plaintiff's name. (Id.) In late September, 2003, Capital One discovered the fraud and closed the account. (Id.)

    In September or early October, 2004, Capital One received another credit card application from the imposter using the same Gayley Avenue address. (Id.) Capital One requested and received Plaintiff's credit report from a consumer reporting agency (CRA).

1  (Id.)  Capital One then opened an account in Plaintiff's name and
2  mailed the imposter a credit card.  (Id.)
3       On September 26, 2007, Plaintiff filed a lawsuit (Case 07-
4  04980 CW), charging Capital One, one of several defendants, with
5  violation of its investigation duties under 15 U.S.C. § 1681s-2(b)
6  of the Fair Credit Reporting Act (FRCA).  (2007 Complaint at 6-7.)
7  Section 1681s-2(b) provides that when a furnisher of consumer
8  credit information receives notice from a CRA of a consumer
9  dispute, the furnisher must conduct an investigation of that
10 dispute, report the results to the CRA and take steps to remedy any
11 inaccurate or incomplete information.
12      In March, 2008, after the 2007 complaint was filed, Capital
13 One contacted the CRA and requested and received a consumer report
14 on Plaintiff for purposes of an account review.  (2008 Complaint at
15 3.)
16      Through interrogatories and letters during discovery,
17 Plaintiff asked Capital One to identify each account it had ever
18 attributed to her.  (Declaration of Andre J. Ogilvie in Support of
19 Plaintiff's Opposition to Capital One's Motion to Dismiss at 2-3.)
20 However, from February until mid-March, 2008, Capital One responded
21 numerous times saying it attributed only one account to Plaintiff,
22 the 2004 account.  (Id.)  It was only during the May, 2008
23 deposition that Capital One provided Plaintiff with information on
24 both accounts they attributed to her, along with the information
25 that both the 2003 and 2004 accounts had the same invalid address.
26 (2008 Complaint at 2.)
27      Based on the new information discovered during the deposition,
28 Plaintiff asked Capital One to stipulate to an amended complaint.

2

Capital One refused. The deadline to amend the 2007 complaint had not passed but, rather than moving for leave to amend and supplement the complaint, on June 16, 2008, Plaintiff filed the 2008 complaint charging Capital One with violations of 15 U.S.C. § 1681b and 15 U.S.C. § 1681q of the FRCA for obtaining Plaintiff's credit report in 2004 and 2008 without a permissible purpose. (Id. at 8-9.) The seventh claim for relief charges Capital One with negligent non-compliance with the FCRA and the eighth claim for relief charges Capital One with wilful noncompliance with the FCRA. (Id.) Section § 1681b prescribes permissible purposes of consumer reports and when an agency may furnish consumer reports. 15 U.S.C. § 1681b. Section § 1681q prohibits obtaining information on a consumer from a CRA under false pretenses. 15 U.S.C. § 1681q.

## DISCUSSION

Capital One argues that the claims against it in the 2008 action are defective because they are an improper attempt to split claims and to circumvent the Court's case management order in the 2007 action.

I.  Claim Splitting

The doctrine of claim splitting bars a party from subsequent litigation when the same controversy has already been sued on. Single Chip Systems Corp. v. Intermec IP Corp., 495 F. Supp. 2d 1052, 1058 (S.D. Cal. 2007). The "main purpose behind the rule preventing claim splitting is 'to protect the defendant from being harassed by repetitive actions based on the same claim.'" Clements v. Airport Authority of Washoe County, 69 F.3d 321, 328 (9th Cir. 1995). To determine if the doctrine of claim splitting bars a subsequent case, the Ninth Circuit "borrow[s] from the test for

3

claim preclusion." <u>Adams v. California Dep't of HealthServs.</u>, 487 F.3d 684, 688 (9th Cir. 2007).

To determine whether successive causes of action are the same, the Ninth Circuit uses the transaction test, developed in the context of claim preclusion. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." <u>Western Sys., Inc. v. Ulloa</u>, 958 F.2d 864, 871 (9th Cir. 1992). In applying the transaction test, courts must examine four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

<u>Adams</u>, 487 F.3d at 689; <u>Costantini v. Trans World Airlines</u>, 681 F.2d 1199, 1201-02 (9th Cir. 1982). The last criteria, whether the two suits arise out of the same transactional nucleus of facts, is the most important factor. <u>Adams</u>, 487 F.3d at 689; <u>Costantini</u>, 681 F.2d at 1202.

Slight differences in specific factual contentions can be enough to negate a finding of claim preclusion. <u>Single Chip Systems Corp.</u>, 495 F. Supp. 2d at 1062 (clarifying the holding in <u>Harkins Amusement Enterprises, Inc. v. Harry Nace Co.</u>, 890 F.2d 181, 183 (9th Cir. 1989)).

In this case, the claims in the 2008 action do not arise out of the same transactional nucleus of facts as the claims in the 2007 action. Both suits involve Capital One and the issue of

4

identity theft.  However, the 2007 action involves allegations regarding Capital One's failure to investigate Plaintiff's identity theft claim after she reported it to the CRA, whether Plaintiff sent a dispute letter to the CRA, whether the CRA notified Capital One of Plaintiff's dispute and whether Capital One conducted a proper investigation of the dispute.  On the other hand, the 2008 case claims that Capital One obtained Plaintiff's credit reports in 2004 and 2008 without a permissible purpose and thus invaded her privacy.  The 2008 claims relate to what Capital One knew when it pulled Plaintiff's credit reports in 2004 and 2008 and whether that information gave it a reasonable belief that Plaintiff was applying for credit or had an existing account.  Thus, the two suits involve different factual contentions and do not arise out of a common nucleus of facts.

The alleged rights infringed, the third criterion, are different in the 2007 and 2008 suits.  Sections 1681b and 1681q, charged in the 2008 suit, protect consumers' right to privacy in their consumer reports.  Section 1681s-2(b), charged in the 2007 suit, protects consumers' right to an accurate credit report.  Thus, these sections of the FCRA protect different rights.

Because the claims arise from distinct facts and rights, a decision on the 2008 claim would not destroy or impair a judgment in the 2007 case claim.  In addition, different evidence would be presented in the two actions.

Furthermore, Plaintiff has a right to assert a new action based on Capital One's pull of Plaintiff's credit report in March, 2008, which took place after the 2007 complaint was filed.

5

Although Plaintiff could have asked leave of court to file a supplemental complaint, she was not required to do so. See <u>Los Angeles Branch NAACP v. Los Angeles Unified School District</u>, 750 F.2d 731, 739 (9th Cir. 1984) (holding that if defendant engages in actionable conduct after a lawsuit is commenced, plaintiff's election not to seek leave to file a supplemental pleading is not penalized by application of claim preclusion to bar a later suit on that subsequent conduct).

II.  Plaintiff's Complaint Does Not Violate Rule 15 or Rule 16

The Federal Rules of Civil Procedure allow a plaintiff to modify its pleading once as a matter of course. Fed. R. Civ. Pro. 15(a)(1).  Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). The Federal Rules of Civil Procedure also require that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4).

Plaintiff did not violate either Rule 15(a) or Rule 16(b) because she filed a new complaint; she did not file an amended pleading without leave of court. Neither Rule 15 nor the Court's case management order prohibits her from filing a new complaint. While Plaintiff could have, and under ordinary circumstances should have, filed a motion for leave to amend and supplement her complaint, given Capital One's conduct, the Court does not fault her decision to take the route she did. Had she filed a motion for leave to amend and supplement her 2007 complaint and for relief from the case management schedule after Capital One's unreasonable

6

refusal to stipulate, it would have been granted.  There is no basis for the relief that Capital One seeks.

III. Consolidation of the 2007 and 2008 Actions

Consolidation under the Federal Rules of Civil Procedure is left to the broad discretion of the district courts.  <u>Investors Research. Co. v. United States Dist. Court</u>, 877 F.2d 777 (9th Cir. 1989).  "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. Pro. 42(a).

The Court set the same schedule for the 2007 and 2008 cases and the parties stipulated to extending the schedule.  (Case Management Scheduling Order, August 6, 2008.)  In effect, the 2008 case was consolidated with the 2007 case before Capital One filed this motion to dismiss.  There is no danger of inconsistent verdicts in the two cases.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is DENIED.  The hearing, previously scheduled for October 2, 2008, is vacated.

IT IS SO ORDERED.

Dated: 9/30/08

_Claudia Wilken_
CLAUDIA WILKEN
United States District Judge

7